IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-56,947-02






EX PARTE DERRICK LAMONE JOHNSON, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


AND MOTION FOR STAY OF EXECUTION FROM CAUSE NO. F-9901708


IN THE 282ND JUDICIAL DISTRICT COURT OF DALLAS COUNTY





 Price, J., filed a statement dissenting to the dismissal of the application in which
Womack and Holcomb, J.J., joined.


DISSENTING STATEMENT



 This subsequent application for writ of habeas corpus represents the first occasion in
which the applicant has raised the issue of mental retardation since Atkins v. Virginia. (1) The
Court rejects his application, not because he fails to invoke new law under Article 11.071,
Section 5(a)(1), (2) but because he does not make out a prima facie case for mental retardation. 
I agree that the applicant does not make a particularly compelling case for mental retardation. 
His argument critically depends upon our acceptance and application of the so-called "Flynn
Effect." A little over five months ago, we stayed an execution in a case almost identically
situated to this one and remanded for further proceedings in which we expressly ordered the
convicting court to "receive and evaluate evidence concerning" the legitimacy of the "Flynn
Effect." (3) I would do the same thing here. Because the Court does not, I dissent.


Filed: April 29, 2009

Do Not Publish 












1. 536 U.S. 304 (2002).
2. Tex. Code Crim. Proc. art. 11.071, § 5(a)(1).
3. Ex parte Eric DeWayne Cathey, No. WR-55,161-02, 2008 WL 4927446 (Tex. Crim. App.,
delivered November 18, 2008) (not designated for publication).